Bryan *v.* Moore *et al.*

———————◆———————

|    |     |
|----|-----|
| 81 | 9   |
| 124| 410 |
| 81 | 9   |
| 136| 536 |

No. 8981.

## BRYAN *v.* MOORE ET AL.

DITCH OR DRAIN.—*Board of Commissioners.—Appeal to Circuit Court.*—Under the provisions of section 1 of the act of March 13th, 1879, to enable the owners of wet lands to drain or reclaim them, etc., the proceedings of the board of commissioners of the county, in the cases therein provided for, were judicial and not discretionary; and from all decisions of such commissioners, in such cases, any person aggrieved thereby might appeal to the circuit court of the proper county.

SAME.—*Uncertainty in Petition.—Motion in Arrest.*—An objection to the petition for a ditch or drain, on the ground of vagueness or uncertainty in the description of the route of such ditch or drain, can not be reached by a motion in arrest of judgment, but only by a motion to make such description more certain and specific.

SAME.—*Judgment of Circuit Court.—Mandate to County Board.*—In such a proceeding, it was competent for the circuit court, on an appeal thereto, under the provisions of section 5778, R. S. 1881, to send the proceeding down to the county board, with an order how to proceed, and to require such board to comply with the final determination of such court in the premises.

From the Tippecanoe Circuit Court.

*J. Park,* for appellant.

*C. D. Jones* and *A. K. Aholtz,* for appellees.

HOWK, J.—In this case, the appellees presented to the board of commissioners of Tippecanoe county, at its March term, 1880, their written application or petition, in which they prayed that a ditch might be located and constructed on the route therein described; that appraisers might be appointed, pursuant to the statute in such cases made and provided; and for all other proper relief. The appellant appeared before the county board at the same term thereof, and remonstrated against the construction of the proposed ditch, on the ground that the same was not of public utility. After a hearing then had, the county board was of the opinion that the contemplated ditch was not of public utility, and ordered that the petition be dismissed at the petitioners' costs.

From this order of dismissal, the petitioners appealed to the circuit court of the county, wherein the appellant's motions to dismiss the appeal, and to dismiss the cause, in the order named, were severally overruled, and to each of these rulings he excepted. The cause was tried by a jury, and the following verdict was returned: "We, the jury, find that the drain or ditch, contemplated and described in the petition in this case, would be a work of public utility." The appellant's motions for a new trial, and in arrest of judgment, were each overruled by the court, and to each of these decisions he excepted. Thereupon, the court adjudged that the proposed ditch was of public utility, and ordered that the cause be certified back to the county board, with directions to appoint appraisers, as required by law.

From this judgment this appeal is prosecuted, and the appellant has assigned here, as errors, the following decisions of the circuit court:

1. In overruling his motion to dismiss the appeal;
2. In overruling his motion to dismiss the cause;
3. In overruling his motion in arrest of judgment;
4. In overruling his motion to modify the judgment; and,
5. In overruling his motion to tax costs against the appellees.

We will consider and decide the several questions presented

and discussed by the appellant's counsel, and arising under these alleged errors, in the order of their assignment.

1. Did the circuit court err in overruling the appellant's motion to dismiss the appellees' appeal from the order of the county board? In this motion two causes were assigned for such dismissal:

1st. That the circuit court had no jurisdiction of the subject-matter; and,

2d. That no good and legal bond was filed, authorizing an appeal.

The appellees' petition was presented to the county board, and the proceedings thereon were had, or intended so to be, under the provisions of "An act to enable the owners of wet lands to drain and reclaim them," etc., approved March 13th, 1879. Acts 1879, p. 234 *et seq.* In section 1 of said act, it is provided that, in such a case as the one now before us, an application in writing, or petition, should be presented to the board of commissioners of the proper county, and that the applicants or petitioners should give notice of the petition or application, ten days prior to the session of such board. Section 1 of said act then proceeds as follows: " And any person, whose land is affected by said proposed ditch or drain, may come before such board and contest the public utility of the same; and if the board of county commissioners become satisfied that the work contemplated by the applicants is of public utility, they shall appoint three disinterested freeholders, appraisers. Such appraisers are to assess the lands affected, for the purpose of constructing such work, in proportion that the lands affected are benefited by such work."

The first point made by the appellant's counsel, in his brief of this cause, is, that the statutory provisions, which we have quoted, clothe the board of commissioners of the county with a discretionary power in the determination of the question, as to whether the work contemplated by the applicants is or is not of public utility. Counsel claims that the decision of this

question by the county board is final and conclusive, and that no appeal will lie therefrom to the circuit court of the county.

The argument of counsel, upon this point, is based upon the use of the word "*satisfied,*" in the statute quoted. We quote from the brief of appellant's counsel, as follows: "We presume the word 'satisfied' is to be taken in its usual signification, 'having their desires fully gratified—made content;' what may gratify one, may not gratify another; what may one content, may not content another; and the subject-matter, about which the board is to become satisfied, is one about which the board would be better judges than any other."

We are not "satisfied" by the argument of counsel, and, by the use of the word quoted, we mean to say that we are not convinced, by his argument, that he has placed the proper construction upon the language of the statute. The word "satisfied" has other meanings than those quoted by counsel. What its meaning may be, in any given sentence, will depend very much upon the connection in which it may be used. The phrase, "become satisfied," as used in the statute above quoted, has a clear legal meaning, in regard to which, as it seems to us, there is little or no room for doubt. It means, as there used, that if the county board is convinced, or if the board finds that the work contemplated is of public utility, they shall appoint appraisers. The statute does not confer discretionary power, but it imposes a judicial duty upon the county board to hear and determine the question of the public utility of the contemplated work.

But the appellant's counsel says, "This is a special proceeding, for a special purpose, based upon a special statute, which gives no right of appeal from the action of the board." It is true, as counsel claims, that the statute under consideration makes no provision for an appeal from the finding and judgment of the county board upon the question of the public utility of the contemplated work. But, while this is so, it is equally true that this statute does not deny the right of appeal from such finding and judgment or decision of the

county board, to any person aggrieved thereby. In section 31 of the act of June 17th, 1852, providing for the organization of county boards, etc., it is declared that "From all decisions of such commissioners there shall be allowed an appeal to the circuit or common pleas court, by any person aggrieved." 1 R. S. 1876, p. 357.

Under this statutory provision, we are clearly of the opinion that the appellees, being aggrieved by the finding and decision of the county board, that the work contemplated by them was not of public utility, had the right to appeal therefrom to the circuit court of the county. *Hume* v. *The Little Flat Rock Draining Association,* 72 Ind. 499, on p. 503 ; *Houk* v. *Barthold,* 73 Ind. 21 ; *Grusenmeyer* v. *The City of Logansport,* 76 Ind. 549.

It follows, therefore, that the court committed no error in overruling appellant's motion to dismiss the appeal from the decision of the county board.

2. In his motion to dismiss the case the appellant assigned as cause therefor, that the appellees' petition did not describe the termini of the proposed ditch. Section 1 of the above mentioned act provided that the petition should specify, among other things, "the point of beginning and the terminus" of the proposed ditch. This requirement of the statute seems to have been strictly complied with in appellees' petition ; and, therefore, appellant's motion to dismiss the case was correctly overruled. Some other supposed objections to the sufficiency of the petition are pointed out by appellant's counsel, in his brief, under this assignment of error ; but these objections were not specified in the motion to dismiss the case, and therefore they are not considered.

3. Under the alleged error of the court in overruling the motion in arrest of judgment, appellant's counsel says : "There is nothing certain, but it is vague, indefinite, and the 'extent' can not be determined from the general description of the route " in the petition. We do not think that the petition is open to these objections ; but, if it were, it is certain that such

objections could not be reached by a motion in arrest of judgment. As a rule, such objections could only be reached by a motion to make the pleading more certain and specific. *The Cincinnati, etc., R. R. Co.* v. *Chester*, 57 Ind. 297 ; *The Pennsylvania Co.* v. *Sedwick*, 59 Ind. 336. It has often been held that such objections are cured by the verdict. *Donellan* v. *Hardy*, 57 Ind. 393. The motion in arrest of judgment was properly overruled.

4. The court did not err, we think, in overruling appellant's motion to modify the judgment by striking out these words, "And this case is ordered to be certified to the board of commissioners, with directions to appoint appraisers." The statutory provisions above quoted made it the duty of the county board, when it was established, that the work contemplated was of public utility, to appoint appraisers. In section 37 of the aforesaid act of June 17th, 1852, providing for the organization of county boards, etc., in reference to an appeal from such boards to the circuit court, it is provided as follows : "Such court may make a final determination of the proceeding thus appealed, and cause the same to be executed, or may send the same down to such board, with an order how to proceed, and may require such board to comply with the final determination made by such court in the premises." 1 R. S. 1876, p. 357. It will be seen from this section of the statute, that the judgment of the court, in the particular complained of, was fully authorized by law, and we think that it was peculiarly the right and proper judgment in the case at bar.

5. The appellant has made no showing, either in the record or in his brief, why the costs of this case, or any part thereof, should be taxed against the appellees. It is said by appellant's counsel, that section 8 of the act under which the proceeding was instituted, provides that "Such applicant shall pay all the necessary expenses attending such application," etc. We do not well see how this statutory provision can be so construed as to render such applicant liable for the costs

of such unnecessary and fruitless litigation as may be forced upon him by others against his will. The motion to tax the costs of this case against the appellees was correctly overruled. *Jamieson* v. *The Board, etc., of Cass County,* 56 Ind. 466.

We find no error in the record of this cause.

The judgment is affirmed, with costs.