No. 9324.

## CAMPBELL *v.* PARKER ET AL.

DRAINAGE.—*Report of Appraisers.*—*Appeal.*—Under section 12 of the act of March 13th, 1879, for the drainage of wet lands (Acts 1879, p. 238), any person aggrieved by the proceedings of the appraisers might appeal the same to the circuit court of the county; but such appeal would bring before the court only the proceedings of the appraisers, and none of the preliminary proceedings of the county board.

SAME.—*Pleadings on Appeal.*—On such appeal formal pleading of any kind is improper and unnecessary, and the striking out of an answer of general denial is not, therefore, an available error.

SAME.—*Trial.*—*Burden of Proof.*—*Conflicting Evidence.*—*Supreme Court.*—Under the statute, on the trial of such appeal the burden of proof was on the appellant; and where the evidence is conflicting the Supreme Court will not disturb the verdict of the jury.

From the Hancock Circuit Court.

*D. S. Gooding* and *M. B. Gooding,* for appellant.

*J. A. New* and *J. W. Jones,* for appellees.

HOWK, J.—The record of this cause shows that on the 20th day of October, 1880, the appellant filed in the clerk's office of the court below his bond to the appellees in a penalty and with surety, which were then and there approved by such clerk. From the recitals in this bond, it appeared that the appellant John W. Campbell, then and there and thereby, " appealed to the Hancock Circuit Court for the county of Hancock and State of Indiana, from the proceedings and as-

sessment of John W. Ryan, John T. Duncan and Wesley Addison, appraisers in the matter of the ' Parker and Price Ditch,' which appraisement, assessment and report of said appraisers were filed in the office of the recorder of Hancock county, Indiana, on the 11th day of October, 1880, and is recorded in mortgage record M, pages 199 to 204, inclusive; which assessment, among other things, is an assessment against John W. Campbell, appellant, in the aggregate in the sum of about $352, as benefits, etc., and by which assessment he, the appellant, is greatly wronged and aggrieved." Afterwards, on the 15th day of December, 1880, the appellant filed in the clerk's office below a copy of the report and assessment, in the matter of the " Parker and Price Ditch."

Afterwards, issues were joined in said appeal and were submitted for trial to a jury; and a verdict was returned assessing benefits from the proposed ditch or drain to certain described real estate at certain specified sums of money. Over the appellant's motions for a new trial, and in arrest of judgment, and his exceptions entered, judgment was rendered in accordance with the verdict.

In this court, the following decisions of the circuit court are assigned by appellant as errors:

1. In overruling his demurrer to the complaint.

2. In sustaining the motion to strike out the first paragraph of his answer.

3. In overruling his motion for a new trial; and,

4. In overruling his motion in arrest of judgment.

The proceedings below, in this case, were all had during the time the act of March 13th, 1879, entitled "An act to enable the owners of wet lands to drain and reclaim them," etc., was the law of this State on the subject-matter thereof. Section 12 of said act, under which section the appeal was taken in this case, provided as follows:

" Sec. 12. Any person aggrieved by the proceedings of such appraisers, may appeal the same to the circuit court of the county, upon giving bond, and within the time as in case of

appeal from justices of the peace, except that such bond shall be filed with and approved by the clerk of said court. Such appeal shall be tried as other civil actions are tried, and the burden of proof shall be upon the party appealing, and upon such appeal the court trying the cause, in case the benefits assessed originally be more than enough to pay for the construction of the said work, including necessary expenses, shall take into consideration the cost of the construction of the proposed work, and all necessary costs and expenses thereof, in determining the amount such tract or tracts shall be assessed; and the assessment shall not be avoided, nor its lien destroyed by such appeal, but such court or jury shall determine the amount of such assessment, and the amount thus ascertained shall stand and be enforced, as the proper assessment." Acts 1879, p. 238.

It will be seen from the provisions of this section of the statute, that the appeal authorized thereby was only an appeal from the proceedings of the appraisers; and that, on such appeal, the court or jury should determine only the amount of the proper assessment on the appellant's tract or tracts of land. Such was the appeal of John W. Campbell, in the case at bar; and such was the only matter to be determined by the court or jury, on his appeal.

With this statement of the nature of this case and of the law governing the same, we proceed now to the consideration of the questions presented and discussed by the appellant's counsel. The first point insisted upon by counsel is that the court erred in overruling appellant's demurrer to the complaint, for the alleged insufficiency of the facts therein to constitute a cause of action. In discussing this error the appellant's counsel say that the complaint " fails to show the petition for the ditch, or that any petition was filed in the court of county commissioners, or that any order of the court of county commissioners granted the prayer of any such petition, or that any assessors or appraisers were appointed. There is nothing in the complaint showing that any appraisers were

appointed by the board of county commissioners, excepting *only* the report of three men, to wit: J. W. Ryan, Wesley Addison and John T. Duncan. By what authority these men acted as appraisers of benefits, etc., does not appear."

This is not an appeal from the proceedings of the board of county commissioners, upon the appellees' petition for the construction of the "Parker and Price ditch," and the order of such board appointing three freeholders as appraisers of benefits, etc. In the recent case of *Bryan* v. *Moore*, 81 Ind. 9, it was held by this court that any person aggrieved by any decision of the county board, upon a petition filed for the construction of a ditch under the aforesaid act of March 13th, 1879, had the right to appeal therefrom to the circuit court of the county, under the provisions of section 31 of the act of June 17th, 1852, providing for the organization of county boards, etc., now section 5772, R. S. 1881. Upon such a petition, under the act of March 13th, 1879, when the county board had determined that the contemplated work was of public utility, and had appointed appraisers of benefits, etc., such board had no jurisdiction over the subsequent proceedings of such appraisers. When they had completed their assessment of benefits, etc., they returned such assessment, not to the county board, but to the county recorder, for record in his office. Under the provisions of section 12, above quoted, the appeal in this case was taken only from the proceedings of the appraisers. It was not necessary, therefore, that the complaint, on such appeal, should contain anything more than a copy of the proceedings of the appraisers; for such complaint would present the precise and only question which the court or jury could determine, on such appeal, namely, the amount of the proper assessment. This view of the matter disposes of the first and fourth errors assigned by the appellants.

The second error assigned is the decision of the court in striking out the first paragraph of the answer, being the general denial. There was no available error, we think, in this decision of the court. In such a case as this, we are of the

opinion that formal pleading of any kind is improper and unnecessary. But a single question is presented for the court or jury, namely, the amount of a proper assessment against the appellant's real estate; and that question, as it seems to us, is sufficiently presented upon the copy of the proceedings of the appraisers, and by the appeal from such proceedings.

The only remaining error complained of is the overruling of the motion for a new trial. Under the statute above quoted, it was not necessary that the appellees, on the trial of the appeal to the circuit court, should give in evidence any of the proceedings or orders of the board of county commissioners which preceded the report of the appraisers of benefits. This report may be regarded, perhaps, as in the nature of a complaint; and as evidence of the amount of the appraisers' assessment of benefits against the appellant's real estate, it might be regarded as competent evidence. But, under the provisions of section 12, above quoted, on the trial of the appeal, the burden of proof was on the appellant. The amount of the proper assessment against the appellant's real estate was the only question for trial, and upon this question the evidence was conflicting. This court must say in this case, therefore, as it has uniformly said in many previous cases, that it is not the province of an appellate court to weigh evidence or to attempt to determine its preponderance upon any issue. We can not disturb the verdict of the jury.

We have found no error in the record of this cause.

The judgment is affirmed, with costs.