Cook v. Quick.

Filed March 31, 1891.

---

No. 14,897.

Cook *v.* Quick.

127    477
c171   557

Highway.— *Vacation Proceedings.—Order Approving Report of Reviewers.— May be Appealed from.*—Where, in a proceeding to· vacate a highway, viewers are appointed who report in favor of the vacation, and upon remonstrance reviewers are appointed who report against the vacation, an appeal will lie to the circuit court from the final order of the board approving the report of the reviewers, and the case may there be tried *de novo.* *McKee* v. *Gould,* 108 Ind. 107, and *Bowman* v. *Jobs,* 123 Ind. 44, distinguished.

Coffey, J., dissents.

Same.—*Inutility of Highway.—Finding.*—Where the circuit court, without the intervention of a jury, finds that a highway will not be of public utility, and that it should be vacated, this court will not disturb the finding where there is evidence to support it.

Cook *v.* Quick.

SAME.—*Damages for Vacation.*—*Court's Refusal to Allow.*—*New Trial.*—A person through whose land an established highway is sought to be vacated is entitled to recover such damages as he may sustain by the vacation; and where the evidence is undisputed that such person is entitled to damages, the remonstrant should be given a new trial on the refusal of the court to allow damages.

From the Boone Circuit Court.

*T. W. Lockhart* and *T. J. Cason,* for appellant.

OLDS, C. J.—This cause was commenced before the board of commissioners of Boone county on the petition of the appellee and others to vacate a highway. The board of commissioners, on hearing the petition, appointed three viewers. Said viewers, so appointed, at the next session of said board, reported in favor of the vacation of the highway. On the filing of such report, and before the board acted upon the same, the appellant, John E. Cook, filed his remonstrance against the vacation, stating that he had no other outlet from his dwelling and lands, which he owns, adjoining said highway, and that the vacation of the highway will not be of public utility, and for the further grounds that he will be damaged in the sum of $150 by the vacation of said highway. He asked that said road be not vacated, and, if vacated, that he be allowed his damages as claimed in the remonstrance.

Upon the filing of the remonstrance the board of commissioners appointed three reviewers. The reviewers reported to said board that said highway is of public utility; that it be not vacated; that there could be no damages assessed in favor of said remonstrant unless said highway be vacated, and, having reported against the vacation of it, they assessed no damages in his favor.

The board of commissioners approved the report of the reviewers, and the appellee, Quick, in vacation, appealed to the circuit court. A trial was had in the circuit court without the intervention of a jury, and the court found generally for the petitioners that said highway was not of public utility and should be vacated, and rendered judgment against

the remonstrant for the costs. The appellant filed a motion for a new trial, which questions the sufficiency of the evidence to support the finding.

As to the finding in relation to the utility of the highway we need only say that there is evidence tending to prove that it was not of public utility, and this court can not disturb the finding, but the finding is also against the appellant on the question of damages. Under the decision in the case of *Butterworth* v. *Bartlett*, 50 Ind. 537, the appellant had the right to recover such damages as he might sustain by reason of the vacation of the highway, and if the undisputed evidence shows the appellant to be entitled to damages the motion for a new trial should have been sustained. There seems to be no controversy in the evidence on the question as to whether or not the appellant would be damaged by the vacation of the highway. All of the evidence is to the effect that he would sustain substantial damage by the vacation of the highway. Under the evidence the appellant should have been allowed damage, and the finding of the court disallowing his damages is not supported by any evidence, and is contrary to all of the evidence on that subject.

The court erred in overruling appellant's motion for a new trial, and for this error the judgment must be reversed.

Counsel for the appellant also present the question as to the jurisdiction of the circuit court, contending that there is no right of appeal in a case like the one at bar, when the reviewers have reported against the vacation of a public highway, or against the utility of a public highway, but in this counsel are in error. Counsel cite, in support of their position, the case of *McKee* v. *Gould*, 108 Ind. 107. The case of *Bowman* v. *Jobs*, 123 Ind. 44, follows the case in 108 Ind. *supra*, but that case is not in point. The appeal was taken from the order approving the report of the first viewers who had reported against the utility of the proposed highway, and the reasoning in that case does not apply to a case like the one at bar. Here there were two sets of view-

ers, the first reported in favor and the latter against the vacation of the highway, and an appeal will lie from the final order of the board approving the report of the reviewers in an application to vacate a highway.

The holding in the case of *McKee* v. *Gould, supra,* is to the effect that, in an application to establish a highway, the viewers must locate the highway, and until viewers have reported favorably to its location, and located and described it, both the board of commissioners and the circuit court are powerless to establish such highway, for the reason that it is the province of the viewers appointed by the board of commissioners to locate and lay out a proposed highway, and this duty can not be exercised by any other persons or tribunal.

In the case of *Bowman* v. *Jobs, supra,* this doctrine is extended to a case where reviewers have been appointed in an application to establish a highway, and the reviewers reported against the utility, and it is held in such case that the only order that can be made is to dismiss the procedure, and an appeal will not lie, although it is intimated that if there is a refusal to assess damages there may be an appeal ; and if an appeal lies for that purpose the case may be tried *de novo,* as to the question of utility.  Applications to establish and to vacate highways materially differ.  In an application to vacate, the petition must necessarily describe the portion of the highway sought to be vacated, and there are but two questions to try, one the utility, or non-utility, of the highway, and the other the question of damages, if asked for by a remonstrant.

They are both questions for judicial determination, and the judgment of the court itself fixes the status of the parties.  Unlike the location of the highway, it is not necessary that viewers be sent out to lay out and describe the particular highway.  It is true the statute provides for the appointment of viewers and reviewers, the same as in case of the location, but the simple question they determine is as to

the utility of the highway ; they are not required to partic-
ularly describe and designate what particular part shall be
vacated.

It will be noticed from the reading of section 5024, R. S.
1881, that the language relates alone to the location of high-
ways, and not to highways proposed to be vacated.

In this case the first viewers reported in favor of the va-
·cation, and the second viewers against the vacation of the
highway, and the board of commissioners approved the last
report.   This, we think, is such a final judgment that an
appeal will lie from it to the circuit court, and the cause is
in the circuit court for trial *de novo*; the questions to be
tried in this case being the utility of the road, and, in case
of a finding that it is not of public utility, the further ques-
tion as to amount of damages the remonstrant will sustain,
if any, by reason of the vacation thereof, must also be de-
.termined.

Judgment reversed, at costs of appellee, with instructions
to grant a new trial.

COFFEY, J., dissents from that part of the opinion hold-
.ing that an appeal will lie to the circuit court.

