The Indianapolis, Decatur and Western Railway Company *v.* Hood *et al.*

Filed March 18, 1892.

---

## No. 15,487.

## The Indianapolis, Decatur and Western Railway Company *v.* Hood et al.

Highway.—*Proceedings to Establish.—Remonstrance.—Negligence of Appellant's Attorney.—Appeal.*—In a highway proceeding, objections must be appropriately presented to the board of commissioners or they can not be made available in the circuit court on appeal. It is no excuse for appellant's failure to file a remonstrance before the board that his attorney was negligent, as the negligence of the attorney is the negligence of the client.

From the Vermillion Circuit Court.

*R. B. F. Peirce,* for appellant.

*H. H. Conley* and *J. C. Sawyer,* for appellees.

Elliott, C. J.—Proceedings for laying out a highway were prosecuted before the board of commissioners of Vermillion county. The appellant did not appear, but, after the decision of the board in favor of the petitioners, appealed

the case to the circuit court. In that court it offered to file a remonstrance, but the court denied its request. In support of its offer an affidavit was filed. The appellees insist that the affidavit shows no excuse for the failure to file the remonstrance before the board of commissioners. The affidavit states that a former attempt to open the highway was prevented by an order from the Federal Court, the railroad corporation at that time being in the hands of the counsel, who here represents it as a receiver; that he then prepared to resist a second attempt to open the highway. We quote from the affidavit the following: "And the affiant says that after the filing of the petition herein he prepared, on the part of said railway company, to resist this second attempt to open said highway, and he arranged with Robert B. Sears, a member of the bar of this court, to file a remonstrance and a claim for damages before the board of commissioners, and said Sears assured this affiant that he would do so; that when the matter came before the board for action affiant was engaged elsewhere, and could not be present, and so notified said Sears, but relied upon said Sears, as attorney for the company, to file the remonstrance and claim for damages, and affiant believed that he would do so, but before affiant was aware that said remonstrance and claim for damages had not been filed, the commissioners had acted finally upon said petition and adjourned; that as soon as he learned of said action he appealed this case to this court."

It is firmly settled that in cases of this character objections must be appropriately presented to the board of commissioners or they can not be made available in the circuit court on appeal. *Green* v. *Elliott*, 86 Ind. 53, and cases cited; *Wells* v. *Rhodes*, 114 Ind. 467; *Forsythe* v. *Kreuter*, 100 Ind. 27; *Lowe* v. *Ryan*, 94 Ind. 450; *Budd* v. *Reidelbach*, 128 Ind. 145, and cases cited. In *Metty* v. *Marsh*, 124 Ind. 18, it was said: "It has so often been adjudged by this court, in cases analogous to this, that no matter not put in issue before the board of commissioners can be tried on

appeal to the circuit court, that but little can be said in elaboration of the principle." It is very evident that we can not hold that the trial court abused its discretion in refusing to permit an issue to be made on appeal, unless we declare that the affidavit of the appellant makes an extraordinarily strong case. This the decisions forbid us from doing. The affidavit simply shows that the attorney employed by the appellant was guilty of inexcusable negligence, and this is not sufficient to warrant us in overthrowing the ruling of the trial court. It has been steadily held that the negligence of the attorney is the negligence of the client. *Sharp* v. *Moffitt*, 94 Ind. 240, and authorities cited.

No attack upon the petition was made either in the circuit court or before the board of commissioners; it is, however, here alleged as error that " the petition is insufficient, for the reason that it does not contain a sufficient description of the proposed location of the highway." Waiving a consideration of the question whether the attack can be here made for the first time, we hold that the description is not so radically defective as to authorize a reversal of the decision of the commissioners. Whether the description would have been sufficient had it been appropriately and reasonably challenged is not the question, for the question is whether it is sufficient to repel an original attack in the court of last resort.

If it were granted that the circuit court pursued a wrong mode in dismissing the appeal instead of rendering judgment against the appellant, it would not follow that there was available error, for the appellant was not harmed. As it had no issue upon which it could have possibly succeeded, the mode in which the case was put out of court was not of controlling importance. We are inclined to think that the appellant did not pursue the proper course in appealing, and that the motion to dismiss was, for that reason, properly sustained, but it is unnecessary to decide that question.

Judgment affirmed.

Filed March 18, 1892.