## BLAND ET AL. v. CASSADAY ET AL.

[No. 22,069. Filed October 14, 1913. Rehearing denied
January 13, 1914.]

1. HIGHWAYS.—*Establishment.*—*Dismissal by Board of Commissioners.*—*Disposition of Cause on Appeal from Commissioners.*—
The rule that on appeal from the judgment of a board of commissioners the circuit or superior court must try the case *de novo*,
and must make a final disposition of the cause, and either carry
out the judgment itself or remand the case back to the board with
an order to enforce it, applies only where the proceeding had
reached a final determination on its merits before the board, and
is not applicable to an appeal from an order dismissing a petition
for the establishment of a highway. p. 39.

2. HIGHWAYS.—*Establishment.*—*Remonstrance.*—The right to remonstrate under §7657 Burns 1908, Acts 1905 p. 521, providing for
the appointment of other viewers, if any freeholder shall remonstrate at any time before final action against the establishment of a highway as not being of public utility, is not lost or
waived by filing a remonstrance on the ground of damages. p. 39.

3. HIGHWAYS—*Establishment.*—*Motion to Dismiss.*—*Remonstrance.*
—The right of persons to remonstrate against the establishment
of a highway under §7657 Burns 1908, Acts 1905 p. 521, on the
ground that it is not of public utility, was not waived by the dismissal of the petition, on their motion, on the ground that upon
a former petition the viewers had reported against the public
utility of the highway, and that no bond for costs had been filed
with the subsequent petition as provided by §6753 Burns 1901,
Acts 1879 p. 148. p. 39.

4. HIGHWAYS.—*Establishment.*—*Appeal from Board of Commissioners.*—*Determination of Appeal.*—*Effect as to Right to Remonstrate.*—Although the right of persons to remonstrate against
the establishment of a highway on the ground that it is not of
public utility is not lost by moving to dismiss the petition for
failure to file a cost bond, and may be exercised after judgment
of the circuit or superior court on appeal setting aside an order
of dismissal entered by the board of commissioners pursuant to
such motion, where such motion to dismiss has been overruled by
the board and the proceeding has reached a final determination
by order of the board establishing the highway, without a remonstrance on the ground of public inutility, the circuit or superior court on appeal has before it the whole record and may
properly determine if the highway shall be established, and ob-

jectors are then precluded from raising the objection that the highway will not be of public utility.  p. 39.

5.  TRIAL.—*Issues.—Appeal from Board of Commissioners.*—Only such questions as are put in issue before the board of county commissioners are triable on appeal from its order.  p. 40.

6.  HIGHWAYS.—*Establishment.—Jurisdiction of Board of Commissioners.—Cost Bond.*—Where, upon a petition for the establishment of a highway, the viewers report that it is not of public utility, the board of commissioners has jurisdiction to hear and determine a subsequent petition for the establishment of such highway notwithstanding the failure of petitioners to file a cost bond as required by statute, but it is the duty of the board, on objection or plea founded on such failure, to require the filing of a proper cost bond.  p. 41.

7.  HIGHWAYS.—*Establishment.—Judgment on Appeal from Board of Commissioners.*—Under §6027 Burns 1908, §5778 R. S. 1881, providing that where an appeal has been taken from the board of county commissioners in a highway proceeding, the court may make a final determination of the proceeding and cause the same to be executed or may send the same down to such board, with an order how to proceed, the court on appeal from an order of the board dismissing a petition for the establishment of a highway may remand the proceedings with direction to the board to set aside its order of dismissal and to proceed with the cause according to law.  p. 41.

From Vigo Superior Court; *John E. Cox,* Judge.

Petition by Moses Bland and others for the establishment of a highway.  From a judgment setting aside an order of the board of county commissioners dismissing the petition on the motion of Orlando W. Cassaday and another, and remanding the cause for further proceedings, the petitioners appeal.  *Affirmed.*

*Stimson & Stimson* and *Hamill & Davis,* for appellants. *G. M. Crane, A. L. Miller* and *F. P. Newsom,* for appellees.

Cox, J.—This proceeding to establish a new public highway was instituted by appellants before the board of commissioners of Vigo County in 1899.  From an order of the board dismissing the petition, an appeal was taken to the superior court where the cause remained pending eleven years, receiving spasmodic and occasional attention from

counsel. As a natural result, an unsatisfactory record of the proceeding has been presented to this court. We have gathered from the record, however, that appellants filed their petition with the board of commissioners for the location of the highway and viewers were appointed, and reported that it would be of public utility. Appellees, through whose lands the proposed highway would pass if established, separately remonstrated for damages, and reviewers were appointed who reported that appellees would sustain no damages by the location and opening of the highway. Thereupon, it being shown that in 1883, in a proceeding to establish the same highway, viewers had reported against the public utility of it, that proceeding was dismissed, and no bond for costs having been filed with the petition in this proceeding as provided by §6753 Burns 1901, Acts 1879 p. 148, appellees moved to dismiss it. Before this motion was acted on by the board, appellants filed a bond for costs with the county auditor. The board held that the bond was not filed in time but should have been filed with the petition, and for that reason sustained appellees' motion and dismissed the proceeding for lack of jurisdiction. From that determination of the proceeding, appellants appealed to the superior court where appellees renewed their motion to dismiss the cause, but that court overruled it. Appellants, then moved for judgment on the pleadings as follows: (1) that their petition for a new highway be granted; (2) that the report of the viewers be approved and confirmed; (3) that the highway be established and ordered opened as laid out by the viewers; and (4) that they recover their costs in the proceeding. This motion was overruled and the court instead rendered judgment that the cause be "sent back to the board of county commissioners and said board of county commissioners are hereby instructed by the court to set aside their former order of dismissal herein, and to proceed in this matter according to law." Appellants moved to modify this judg-

ment by directing the board to make an order in all respects the same as that requested in their motion for judgment on the pleadings. This motion was also overruled. The rulings on their motion for judgment on the pleadings and their motion to modify the judgment rendered by the court are assigned and relied on by appellants in this appeal as constituting reversible error.

In pressing the justness of these assignments of error, counsel for appellants do not assail the action of the court in remanding the proceeding to the board of commissioners, for that action was pursuant to a ruling favorable to their clients on the motion to dismiss the proceeding, and it would not lie with them to question it. They contend, however, that the superior court was bound to try the whole proceeding, render a final judgment upon the merits of the case and either carry out that judgment itself or then remand the case back to the board with an order to enforce it. This contention would be valid if the proceeding had reached the point of a final determination on its merits before the board. Miller v. Wabash R. Co. (1908), 171 Ind. 109, 85 N. E. 967. But in this case the proceeding had not come to such a conclusion before the board. At the time of the dismissal of the proceeding by the board, appellees still had open to them the right to controvert the public utility of the highway by remonstrance on that ground. They had not waived that right, by first remonstrating on account of damages. Schmied v. Keeney (1880), 72 Ind. 309; §7657 Burns 1908, Acts 1905 p. 521. Nor did appellees waive that right as now contended by counsel for appellants by moving to dismiss. It is quite. obvious that if their motion to dismiss had been overruled by the board, appellees could still have remonstrated on the ground that the highway would not be of public utility, and could have tried that question. If appellees' motion to dismiss had been overruled by the board and the proceeding

had reached a final determination by order of the board establishing the highway, without a remonstrance from appellees on the ground of public inutility, and appellees had appealed to the superior court from that order, then, in that case, the latter court would have had before it the whole case and could properly determine whether the highway should be established; and in that case, appellees not having remonstrated before the board, on the ground that the highway would not be of public utility, could not contest that question on appeal. Only such questions as 5. are put in issue before the board are triable on appeal. *Potter* v. *McCormack* (1891), 127 Ind. 439, 26 N. E. 883; *Indianapolis, etc., R. Co.* v. *Hood* (1892), 130 Ind. 594, 30 N. E. 705; *Strayer* v. *Taylor* (1904), 163 Ind. 230, 69 N. E. 145, and cases there cited. In the case before us, however, the action of the board in sustaining appellees' motion, if erroneous and duly set aside, would manifestly revive their right to remonstrate for that cause. If appellees, when they first appeared after the report of the viewers, had then moved to dismiss before remonstrating, either for damages or on the ground of public inutility of the highway, and that motion had been sustained by the board, an appeal by appellants from the order of dismissal would have involved nothing in the superior court but the validity of the order. That question being determined favorably to appellants, nothing would remain for the latter court to do but to remand the proceeding with an order to the board to set aside the dismissal and to proceed according to law, for, questions not put in issue before the board could not be raised and litigated on appeal. Or, to go a step further, had the board dismissed the proceeding on its own motion, before any remonstrance had been filed, or opportunity for filing had come to appellees, and appellants had then appealed from the order of dismissal to the superior court, surely that appeal would not involve a trial of the entire proceeding on its merits, and require the latter court to

establish the highway without appellees having had an opportunity to remonstrate, either for damages or on account of the want of public utility of the proposed highway. Yet appellants' contention comes to that conclusion.

In this case, the board of commissioners carried the proceeding neither to a conclusion that the highway should be established, nor that it should not be because not of 6. public utility. It went back to the question of jurisdiction of the subject-matter and ended the proceeding on the ground that, the bond for costs not having been filed with the petition, jurisdiction of the proceeding had not been acquired. And this was the question involved in the appeal to the superior court. That question was tried and determined in appellants' favor. That it was determined correctly has been settled by the decision of this court in the case of *McKaig* v. *Jordan* (1909), 172 Ind. 84, 87 N. E. 974, where it was held that, under circumstances like those here involved, the board of commissioners has jurisdiction without the filing of the cost bond, but upon objection or plea showing a former petition and a report of viewers against the public utility of the highway, the board should require the filing of a proper cost bond. The 7. statute relating to appeals from boards of commissioners which was in force at the time this appeal was taken, in defining the authority of the court to which the appeal is taken provides: "Such court may make a final determination of the proceeding thus appealed, and cause the same to be executed, or may send the same down to such board, with an order how to proceed, and may require such board to comply with the final determination made by such court in the premises." §6027 Burns 1908, §5778 R. S. 1881. It has been held by this court in cases similar to the one before us, that this statute vests the court to which the appeal has been taken with the discretion to render a judgment such as that rendered by the superior court in this case. *Bryan* v. *Moore* (1881), 81 Ind. 9; *Sharp*

v. *Malia* (1890), 124 Ind. 407, 25 N. E. 9; *Bonfoy* v. *Goar* (1895), 140 Ind. 292, 39 N. E. 56; *Hall* v. *McDonald* (1908), 171 Ind. 9, 85 N. E. 707.

The judgment, which it rendered, being within the discretion of the superior court, it did not err in refusing to render a different one on appellants' motions. Judgment affirmed.

NOTE.—Reported in 102 N. E. 853. See, also, under (1) 37 Cyc. 140; (2) 37 Cyc. 76; (4) 37 Cyc. 136, 140; (7) 37 Cyc. 148. As to establishment of highway by prescription, see 57 Am. St. 744.