## BRONNENBERG ET AL. *v.* GOINS ET AL.

[No. 22,637. Filed May 11, 1915.]

1. HIGHWAYS.—*Proceedings to Establish.—Appeal from Board of County Commissioners.—Auditor's Transcript.—Filing of Appeal Bond.*—Where it appears that on appeal to the circuit court from an order of the board of county commissioners dismissing the petition in a highway proceeding, and within thirty days after the final order of dismissal, the petitioners filed with the county auditor a bond conditioned for the due prosecution of the appeal and the payment of the costs, and that such bond was approved by the auditor, a sufficient compliance with §7793 Burns 1914, Acts 1905 p. 521, relating to such appeals, is shown, and the filing of such bond with the clerk of the court to which the appeal was taken was sufficient under §6023 Burns 1914, §5774 R. S. 1881, without a showing in the auditor's transcript that the bond was filed and approved. p. 228.

2. HIGHWAYS.—*Proceedings to Establish.—Appeal to Circuit Court. —Refiling Remonstrance.*—On appeal to the circuit court in a highway proceeding, it is not necessary to refile remonstrances filed before the board of commissioners, since all issues that were tried, or tendered for trial must be tried *de novo* on appeal; and, where remonstrators offered to refile their remonstrance, the action of the trial court in denying the offer, if erroneous, was harmless, where the issues presented by such remonstrance were fully heard and determined. p. 228.

3. APPEAL.—*Assignment of Errors.—Questions Reviewable.*—Under a joint assignment of error in overruling a joint motion to dismiss

a highway proceeding, no question was presented, where the exception to the ruling was taken separately and severally. p. 229.

4. HIGHWAYS.—*Proceedings to Establish.—Public Utility.—Evidence.*—While the cost of opening ·and improving a proposed highway is a proper matter to be considered in determining its public utility, and damages to lands over which it is to be located may be shown as a part of the cost of location, evidence of benefits to other lands is not competent upon that issue, since a private advantage or an individual benefit will not justify the condemnation of lands for a public highway. p. 229.

5. HIGHWAYS.—*Proceedings to Establish.—Public Utility.—Evidence.—Harmless Error.*—In the trial of a proceeding for the establishment of a highway, the admission of evidence upon the question of public utility showing that lands other than that over which the proposed highway would be located would be affected was harmless, where such evidence did not show to what extent they would be affected or whether they would be affected beneficially or otherwise. p. 229.

6. HIGHWAYS.—*Proceedings to Establish.—Reference to Board of Commissioners for Adjudication of Damages.*—In a highway proceeding appealed to the circuit court from an order of the board of county commissioners on a remonstrance affecting only the question of public utility, where it is found that the petition was properly signed and that the proposed highway would be of public utility, the court must refer the proceedings back to the commissioners to ascertain the damages on a remonstrance being filed on the ground of damages. pp. 230, 231.

7. HIGHWAYS.—*Proceedings to Establish.—Remonstrances.*—Under §7653 Burns 1914, Acts 1903 p. 521, providing that a person through whose lands a proposed highway will pass may remonstrate upon the ground that he will be damaged thereby, and under §7657 Burns 1914, Acts 1905 p. 521, providing that any freeholder may remonstrate on the ground that it is not of public utility, while both remonstrances may be filed at the same time, the filing of a remonstrance for one cause does not prevent the same person from filing another for the other cause at a later time. p. 231.

8. HIGHWAYS.—*Proceedings to Establish.—Issues.—Trial.*—Where, up to the time of the dismissal of a highway proceeding by the board of county commissioners, the question of damages had not been raised by remonstrance, such issue could not be tried in the circuit court on appeal from the order of dismissal. p. 231.

9. HIGHWAYS. — *Proceedings to Establish. — Dismissal. — Remonstrances.*—While the dismissal of a highway proceeding by the board of county commissioners as not being of public utility is a final disposition in such sense as to authorize an appeal, it is not

final so as to preclude the right to remonstrate on the question of damages in the event that such dismissal does not actually terminate and defeat the proceeding.   p. 231.

, From Henry Circuit Court; *Ed·Jackson,* Judge.

Proceedings for the establishment of a highway on the petition of Emaline Goins and others, in which Calvin A. Bronnenberg and another filed remonstrances. From a judgment establishing the highway, the remonstrants appeal. *Reversed.*

*Ellis & Ellison, Barnard & Brown* and *Fred C. Gauss,* for appellants.

*Kittinger & Diven, Forkner & Forkner* and *Joseph G. Leffler,* for appellees.

LAIRY, J.—Appellee and sixty-four others filed a petition for a highway before the board of commissioners of Madison County.   The highway as sought to be established is located entirely upon the lands of Calvin A. Bronnenberg and his sister Susan T. Bronnenberg who are the only appellants. The record shows that several questions were raised in the course of the proceeding which are not presented on appeal and these need not be noticed.   Viewers were appointed and a report was made favorable to the establishment of the highway, and after this report, each of appellants filed a separate remonstrance on the ground that the proposed road, if established, would not be of public utility.   Upon these remonstrances, viewers were appointed and such viewers made a report which the board of commissioners construed as a report against the public utility of the road; and, acting thereon, such board dismissed the petition. From this judgment of dismissal, petitioners appealed to the Madison Circuit Court.   Two changes of venue were taken and a trial was finally had in the Henry Circuit Court which resulted in a judgment in favor of the petitioners, establishing the proposed highway and ordering the same to be opened and improved.

Appellants filed their joint motion in the Madison Circuit Court to dismiss the appeal, which motion was overruled and this is the first question presented here. Two causes were assigned as grounds for dismissal, but one only of these is presented on appeal and that is that the transcript of the auditor filed with the court fails to show that an appeal bond was filed as provided by statute. The record has been completed since the appeal by the return of the clerk to a writ of *certiorari* and it now shows that the petitioners, within thirty days after the final order of dismissal filed with the auditor a bond conditioned for the due prosecution of the appeal and the payment of the costs and that this bond was approved by the auditor. This shows a compliance with the statute in reference to appeals in this class of cases. §7793 Burns 1914, Acts 1905 p. 521. The record also shows that this bond was filed with the clerk of the court to which the appeal was taken at the time of the filing of the transcript of the proceedings before the board. This constitutes a compliance with the statute. It is not necessary that the transcript made out and filed by the auditor should show the filing and approval of the appeal bond. §6023 Burns 1914, §5774 R. S. 1881. *Fowler* v. *Newsom* (1910), 174 Ind. 104, 90 N. E. 9.

Appellants filed a remonstrance before the board of commissioners by which they denied that the petitioners possessed the necessary qualifications. After their motion to dismiss the appeal was overruled, appellants offered to refile this pleading in the circuit court and to offer evidence as to the qualifications of the petitioners, which offer was denied by the court. Afterward the issues were submitted to a jury and evidence was submitted upon the question of the qualifications of the petitioners as well as upon the public utility of the proposed highway. On appeal to the circuit court from the board of commissioners in highway cases, it is not necessary to refile remonstrances filed before the board, as the statute provides that all issues

which were tried or which might have been tried before the board, shall be tried *de novo* on appeal.    §7793 Burns 1914, Acts 1905 p. 521.    In any event appellants can not complain as the record shows that the issues presented by the remonstrance which they endeavored to refile were fully heard and determined in the circuit court.

Appellants complain of the action of the Superior Court of Delaware County in overruling their joint motion to dismiss the appeal.    Appellants each separately and severally excepted to the ruling and this exception forms the basis upon which the fourth joint assignment of error rests.    It has been decided by this court that no question is presented where the assignment of error is joint and the exception on which it is based is several only. *Sheeks* v. *State, ex rel.* (1901), 156 Ind. 508, 60 N. E. 142.

It is assigned as error that the trial court erred in denying appellants' motion for a new trial.    Several causes were assigned in the motion but the only questions thus raised which are properly presented on appeal relate to the admission of certain evidence.    The question of the public utility of the proposed highway being in issue, the court permitted a witness, over the objection of the appellants, to testify that the opening of the proposed highway would affect the value of lands lying east thereof and bordering on an established highway extending in an easterly direction from the eastern terminus of the proposed highway.    It is conceded by appellants that the cost of opening and improving the proposed highway is a proper matter to be considered in determining its public utility and that the damages to lands upon and across which it is to be located may be shown as a part of the cost of location; but it is insisted that proof as to benefits to other lands upon which the proposed highway is not located is wholly incompetent upon the issue of public utility, for the reason that such evidence would show a special benefit to the owners of such lands instead of a general public utility.

Appellants are correct in their contention that a private advantage or an individual benefit will not justify the condemnation of lands for a public highway, but the evidence admitted as shown by the briefs of appellants was not of such a character as to influence the verdict. It is true that the evidence of Mr. Downey shows that lands other than those upon which the proposed highway was to be located would be affected by the opening of such road, but it is not shown to what extent they would be affected, or whether they would be affected beneficially or otherwise, and the same thing may be said as to the testimony of Mr. Cartwright. There is also evidence to show that the lands of Rans Bronnenberg lying east of the proposed road were of the value of $120 to $125 an acre without the proposed highway, but no evidence is set out to show what their value would be if the proposed road were established and opened. Though this evidence was improper, it did not harm appellants. The court did not commit reversible error in overruling appellants' motion for a new trial.

By its verdict the jury found that the petition was signed by twelve freeholders of Madison County, Indiana, six of whom lived in the immediate vicinity of the proposed

6.   highway and that such proposed highway would be of public utility. Upon this verdict the trial court entered a judgment establishing the proposed highway as described in the petition and ordering that it be opened and kept in repair as a highway. Before this judgment was entered, appellants objected to the rendition of a final judgment establishing the highway, and moved that the case be remanded to the board of commissioners for further proceedings, which objection and motion was overruled and after the judgment was rendered, appellants filed a motion asking the court to modify the judgment in such a way as to show an adjudication of the public utility of the proposed highway and that the petition was signed by the requisite number of freeholders having the proper qualifications as

to residence, and that the case be referred back to the board of commissioners with directions how to proceed. It appears from this motion that appellants own the land upon and across which the proposed highway is to be laid out, and the motion is based upon the ground that appellants have never had an opportunity to have their damages assessed or determined.

Section 7653 Burns 1914, Acts 1905 p. 521, provides that any person, through whose lands a proposed highway will pass, may remonstrate upon the ground that he will be damaged thereby; and §7657 Burns 1914, Acts 1905 p. 521, provides that any freeholder of and residing in the county may remonstrate against the proposed highway as not being of public utility. Both of these remonstrances may be filed at the same time, but the filing of a remonstrance for one of these causes does not prevent the same person from filing another remonstrance for the other cause at a later time. *Schmied* v. *Keeney* (1880), 72 Ind. 309; *Breitweiser* v. *Fuhrman* (1882), 88 Ind. 28.

Appellants filed the remonstrance provided for by §7657, *supra,* and the viewers appointed on this remonstrance made a report upon which the proceedings were dismissed by the board. Up to the time of this dismissal neither of appellants had filed any remonstrance under the provisions of §7653, *supra;* and, as no issue on the question of damages was presented in the commissioners court, no such issue could be litigated on appeal. *Indianapolis, etc., R. Co.* v. *Hood* (1892), 130 Ind. 594, 30 N. E. 705; *Metty* v. *Marsh* (1890), 124 Ind. 18, 23 N. E. 702. Appellants had a right to file remonstrances upon the ground that their real estate would be damaged by the location of the proposed highway. It is true that the statute provides that such remonstrance must be filed before the final action of the board but this does not refer to a dismissal by the board under the circumstances disclosed by the record in this case. Such a dismissal is a

final disposition of the proceeding in such a sense as to authorize an appeal but it was not a final action of the board in such a sense as will deprive appellants of the right to be heard upon the question of damages in the event that such dismissal does not actually terminate and defeat the proceeding. A question similar to the one here presented was recently considered by this court in the case of *Bland* v. *Cassaday* (1914), 181 Ind. 36, 102 N. E. 853. This case is considered decisive of the question here involved and a further discussion is deemed unnecessary.

The judgment is reversed and it is ordered that the trial court sustain the motion of appellants to modify the judgment and that the proceedings be referred back to the board of commissioners of Madison County with directions to set aside their order of dismissal, to reinstate the proceedings and to take such other and further steps therein as the law provides.

Note.—Reported in 108 N. E. 862. As to what is taking property for a public use, see 16 Am. St. 610. See, also, under (1) 37 Cyc. 137; (2) 37 Cyc. 137, 140; (3) 2 Cyc. 1003; (4, 8) 37 Cyc. 140; (5) 37 Cyc. 140; 38 Cyc. 1410; (6) 37 Cyc. 142; (7) 37 Cyc. 76; (9) 37 Cyc. 143.