IN RE PETITION OF COOPRIDER *v.* FRITZ ET AL.

[No. 25,510.  Filed January 26, 1934.]

Bernard C. Craig, for appellants.

B. V. Goshen, for appellees.

TREANOR, J.—This is an appeal from a judgment of the Clay Circuit Court rendered upon the trial of an appeal from the Board of Commissioners of Clay County in a proceeding for the establishment and location of a highway. Appellants' assignment of errors contains the single specification:

"The court erred in overruling appellants' motion for a new trial."

A transcript of the proceedings had before the board of commissioners was filed in the Clay Circuit Court. The appeal to circuit court was taken by the ▮ petitioners for the proposed highway; the petitioners are the appellees here. Appellants filed a motion to dismiss the appeal to circuit court and the court's action in overruling that motion was relied upon as ground for new trial. Any alleged error in

overruling appellants' motion to dismiss the appeal is not cause for new trial; therefore the ruling is not questioned under appellants' assignment of errors. The proper method of presenting for review the ruling on the motion to dismiss the appeal to circuit court was by assigning such ruling as independent error. *Galey* v. *Mason* (1910), 174 Ind. 158, 91 N. E. 561.

Two other grounds for new trial: (a) that the finding of the court is not sustained by sufficient evidence; and (b) that the court erred in permitting certain witnesses to testify, are waived by appellants' failure to set out in their brief a condensed recital of the evidence given upon the trial or the testimony objected to, and by failure to discuss said alleged errors in their brief.

In their brief appellants urge, under "Errors Relied Upon For Reversal," that "The Clay Circuit Court had no jurisdiction to try this cause" and that the court "had no power to render the judgment which it did pronounce in this case."

As above pointed out, the assignment of errors questions only the court's action in overruling appellants' motion for new trial and no question of jurisdiction is saved thereunder; therefore, unless it can be said that the circuit court did not have jurisdiction of the subject matter of the appeal from the board of commissioners appellants can not present here for the first time the question of jurisdiction. *Board of Commissioners of Marion County* v. *Jewett* (1915), 184 Ind. 63, 110 N. E. 553; *McCoy* v. *Able* (1892), 131 Ind. 417, 30 N. E. 528, 31 N. E. 453.

The proceedings before the board of commissioners were instituted under §8582, et seq. Burns Ann. Ind. St. 1926, §§8756, et seq. Baldwin's Ind. Ann. St. 1934, Acts 1905, ch. 167, p. 521, §1, et seq., (originally 1 R. S. 1852, ch. 48, p. 310, §15, et seq.) Section 2 of the

Act of 1905, §8583, Burns 1926, §8757, Baldwin's 1934, provides for the appointment of viewers to determine first whether the location, vacation, or change petitioned for will be of public utility. Section 9 of the act (§8590, Burns, *supra*, §8764, Baldwin's, *supra*, provides for a remonstrance by any freeholder of the county against the proposed highway as not being of public utility, in which case reviewers shall be appointed to pass upon the question of public utility. Prior to the re-enactment in 1905 of the statutes on the subject of location, vacation, or change of highways no appeal to circuit court was allowed from an order of the board based upon the report of viewers against the public utility of the proposed highway. *McKee* v. *Gould* (1886), 108 Ind. 107, 8 N. E. 724. Nor was an appeal to circuit court allowed from an order based upon the report of reviewers against the public utility of the proposed highway. *Jones et al.* v. *Duffy* (1889), 119 Ind. 440, 21 N. E. 348. An appeal was allowed from an order based upon the report of reviewers in favor of the vacation of a highway already established on the ground that it is no longer of public utility *(Cook* v. *Quick* [1891], 127 Ind. 477, 26 N. E. 1007), this court making a distinction from the earlier decisions in that the latter case was a proceeding to vacate a highway already established.

In the re-enactment of 1905 the law was amended by a provision in §10 of the Act of 1905 (§8591, Burns, etc., 1926, §8765, Baldwin's 1934) to allow an appeal to the circuit court from an order of the board based upon a report of reviewers on the question of public utility of the proposed highway. In considering the amendment made in §10, this court, in the case of *Kelley* v. *Augsperger* (1908), 171 Ind. 155, 85 N. E. 1004, said:

"It will be noted that the statute (prior to 1905) forbade the establishment of the proposed road in

case of an adverse report by the reviewers, and no appeal therefrom was expressly given. The holding of the court was that upon the return of this report the law terminated the matter, and neither the board nor the circuit court upon appeal had jurisdiction to proceed further than to enter the proper judgment for costs. . . . Remonstrators, against whom final judgment in highway proceedings were entered, had a right of appeal under the old law, but as before shown petitioners were denied such right. The manifest purpose of the proviso in the new act was to give petitioners a right of appeal from a judgment dismissing their petition, and thus to make their appellate privileges equal to those of remonstrators. *Williamson* v. *Houser, supra.* Under the present law an adverse report of the reviewers is not binding upon the circuit court, but upon appeal the case is to be heard de novo, and determined upon its merits on evidence produced in open court upon all the issues raised before the board of commissioners."

While no specific provisions, by amendment of any of the sections dealing with the location, vacation, or change of highways, was made for an appeal from the action of the board of commissioners upon a report of the first set of viewers against the utility of the proposed highway, §123 of the Act of 1905 (§8607, Burns, etc., 1926, §8858, Baldwin's 1934) [1] is sufficiently comprehensive to allow an appeal in such a case. That section is materially different from the appeal provision of the statute in effect prior to 1905. (§6754, Burns Ann. St. 1901, 1 R. S. 1852, p. 307, §26,

*Note 1.* "Except as otherwise provided in this act, any person aggrieved by any decision of the board of commissioners of any county in any proceeding in relation to highways may appeal therefrom within thirty days thereafter to the circuit court of such county, . . . Such appeal shall be tried *de novo* and may be had as to any issue tried or that might have been tried before the county board; but every report made to the board of viewers or reviewers or by any committee, body or officer under the provisions of this act shall be considered in evidence on such appeal. The court may make final determination of the cause so appealed, or may refer the case back to the county board or boards, with directions how to proceed. . . ."

p. 312).[2]  Appellants do not here controvert the proposition that such an appeal will lie but based their motion to dismiss on the proposition that the purported appeal was not taken in conformity with the statute. As heretofore pointed out, that question is not properly presented for review because the trial court's action upon the motion to dismiss the appeal was not assigned as independent error, and since we hold that the trial court had jurisdiction of the subject matter of the appeal, any question as to whether such jurisdiction was invoked in accordance with the statute must be raised in the trial court and properly presented on appeal.

Appellants' remaining proposition under their motion for new trial is that the finding of the court is contrary to law.

The issue for trial by the circuit court, upon appeal from the board of commissioners, was raised by the dismissal of the petition upon the report of viewers, appointed under §2 of the Act of 1905, *supra,* (§8583 Burns 1926, §8757, Baldwin's 1934) against the public utility of the proposed highway. The question for the trial court's determination was whether the proposed highway would be of public utility. The finding and judgment of the trial court are as follows:

> "Come now the parties herein and the court being sufficiently advised, finds for the petitioners, that the matters stated in their petition are true and that the proposed highway is of public utility and should be established thirty feet wide.  It is therefore ordered, adjudged and decreed by the court that the proposed highway herein be laid out, located and established thirty feet wide, fifteen feet wide on each side of the following line: (Here follows description of line.)  That said highway be and the same is hereby established and recorded as a public highway of the width of thirty feet, and

Note 2.  "Any person aggrieved by any decision of any board of commissioners may appeal therefrom to the circuit or common pleas court of such county, upon his filing a bond, . . ."

the Trustee of Harrison township, Clay County, Indiana, is hereby directed and ordered to cause said highway to be opened and kept in repair, as other highways in Clay County, and that the clerk of the court is hereby ordered and directed to transmit a copy of this order to Clifford Sutton, trustee of Harrison township, without delay. All of which is adjudged, ordered and decreed by the court."

Appellants' attack upon the finding is in part predicated upon the action of the court in overruling their motion to dismiss the appeal, but appellants have waived any error in the judgment on that account by failing to include such motion or its substance in their brief. Rule 22 of this court requires that appellants' brief contain "a concise statement of so much of the record as fully presents every error and exception relied on . . ." In *Isanogle* v. *Russey* (1910), 174 Ind. 245, 91 N. E. 938, appellants, remonstrators before the board of commissioners, appealed to circuit court. Appellees filed a motion to dismiss remonstrators' appeal to circuit court which motion was sustained and the court's action was assigned as error on appeal. This court said:

"Appellants have not, as required by rule twenty-two of this court, set out in their brief the motion to dismiss said appeal, nor have they set out the substance thereof. The failure of appellants to comply with the rule is a waiver of the right of appellants to present any question under the third and fourth assignments of error heretofore set out."

The trial court found that the highway would be of public utility and appellants have failed to point out any reason why such a finding was contrary to law. But the court also found that the highway should be established as petitioned for and proceeded to order the highway laid out, located and established, and directed that the trustee of the township in

which it would be situated cause such highway to be opened and kept in repair. Appellants urge that this part of the finding and judgment was contrary to law, citing *Bland* v. *Cassady* (1914), 181 Ind. 36, 102 N. E. 853 and *Bronnenburg* v. *Goins* (1915), 183 Ind. 225, 108 N. E. 862.

The statute provides that if the viewers find that the proposed highway will be of public utility they shall "proceed to lay out and mark the same on the best ground" (§2, Act 1905, *supra*, §8583, Burns 1926, *supra*) and "make a report of their proceedings at the next ensuing session of the board of commissioners, giving a full description of such location, change or vacation by metes and bounds and by its course, distance and width," (§3, Acts 1905, *supra*, §8584, Burns 1926). Other sections provide for remonstrance by any person through whose land such highway, as laid out, shall pass, on the question of damages and provide for the assessment and payemnt of damages. No such highway shall be opened, worked or used until the damages assessed shall have been paid or the money deposited in the county treasury, except with the consent of the owner. (§11, Act 1905, §8592, Burns 1926). No report has been made by the viewers laying out the highway and therefore no opportunity has come for the filing of a remonstrance on the question of damages sustained by any person through whose land such highway may pass. *Bland* v. *Cassady, supra; Bronnenberg* v. *Goins, supra*. The trial court only had the power to make final determination of the question of the public utility of the proposed highway and upon determining that it would be of public utility the court should have directed the board of commissioners to appoint viewers to "lay out and mark the same on the best ground" and to "make a report of their proceedings at the next ensuing session of the board of commissioners, giving a

full description of such location . . . by metes and bounds and by its course, distance and width," and that the board of commissioners make such further orders as are provided by law.

Appellants do not successfully attack the finding of the trial court that the proposed highway would be of public utility, and judgment to that effect was ■ properly rendered. To correct the trial court's error in its finding and decision that the highway as petitioned should be established and located upon the description contained in the court's order, which was outside the issues, does not require the granting of a new trial and no useful purpose would be accomplished thereby, but this cause is reversed with directions to the trial court to restate its finding and judgment to conform with this opinion.