Bonfoy *et al. v.* Goar *et al.*

No. 16,978.

BONFOY ET AL. *v.* GOAR ET AL.

PRACTICE.—*Demurrer to Motion.*—*Motion to Strike Out Motion.*—The practice of demurring to a motion, or of filing a motion to strike out a motion, is a practice of doubtful propriety and is wholly without warrant in our system of jurisprudence.

CIRCUIT COURT.—*Province of in Appeal From Board of Commissioners.*— *Discretion.*—In an appeal from a board of county commissioners, the circuit court does not sit as a court of errors, but it must try the case for itself and render final judgment, after which it may remand the case to the board of commissioners with directions to enforce its judgment, or it may retain jurisdiction of the cause and hear and determine the whole case and execute its orders made therein.

DRAINAGE.—*Matters in Discretion of Viewers.*—*Not Reviewable by Courts.* —The question as to whether the proposed ditch is more comprehensive or whether it embraces and affects more land than is necessary in order to accomplish the drainage of the lands of the petitioners in the cheapest and best manner, is a question exclusively for the viewers, and their discretion upon that question is not subject to review by the courts.

SAME.—*Plea in Abatement.*—That the plea states no legal reason for the abatement of the drainage proceeding, see opinion.

From the Tipton Circuit Court.

*W. R. Oglebay* and *J. L. Oglebay*, for appellants.

*R. B. Beauchamp* and *W. W. Mount*, for appellees.

COFFEY, C. J.—On the 16th day of August, 1892, the appellants filed in the office of the auditor of Tipton county a petition praying the establishment and construction of a certain public ditch or drain therein described. At the September term of the board of commissioners following, viewers were appointed to view the proposed ditch, which viewers filed their report on the following fifth day of November in favor of the establishment and .construction of the ditch as prayed. The auditor fixed the 9th day of December as the date upon which a hearing should, be had on this report, and gave

the statutory notice. On that day the appellees appeared and filed a plea in abatement, upon the hearing of which the board of commissioners dismissed the petition and the appellants appealed to the Tipton Circuit Court. The circuit court sustained a demurrer to the plea in abatement, whereupon the appellants filed a motion praying the court to enter an order establishing the ditch in controversy. To this motion the appellees filed a demurrer, which was sustained. The appellees then filed a motion to strike out the motion filed by the appellants, which was also sustained. The circuit court then entered an order remanding the case to the board of commissioners, with directions to reinstate the same, set aside the order dismissing it, and to proceed to hear and determine the same on the petition and report of the viewers in all things as fully as if the same had not been dismissed, and to allow the parties to the plea in abatement, and all other parties interested, to file remonstrances or to take any other steps that they were authorized by law to take on the day fixed for a hearing on the report of the viewers.

The appellants moved to modify the order of the court so as to require the board of commissioners to enter an order establishing the ditch in the event it found the report of the viewers regular and sufficient, which motion the court overruled.

The assignment of errors calls in question the correctness of the several rulings against the appellants, hereinbefore set forth.

The appellees also file cross-errors, in which they call in question the correctness of the ruling of the circuit court in sustaining a demurrer to their plea in abatement.

The practice of demurring to a motion, in a case like this, or of filing a motion to strike out a motion is a

practice of doubtful propriety, and is, we believe, wholly without warrant in our system of jurisprudence. Had the court, without the intervention of these useless preliminaries, passed upon the motion of the appellants, either sustaining or overruling it, the proceeding would have been much more simple and would not have tended so much to a needless complication of the record.

But as the effect of the ruling of the court upon the demurrer to the motion was to overrule the appellant's motion for an order establishing the ditch, we will not stop to inquire whether this result was reached by a straight road or a crooked one, but will proceed at once to inquire into the correctness of the conclusion reached by the court.

Our statute, upon the subject of appeals from the board of county commissioners to the circuit court, provides (section 7865, R. S. 1894), that "such court may make a final determination of the proceedings thus appealed, and cause the same to be executed, or may send the same down to such board, with an order how to proceed, and may require such board to comply with the final determination made by such court in the premises."

This statute has often been construed by this court, and it has been uniformly held that the circuit court does not sit as a court of errors, but on the contrary it must try the case for itself and render a final judgment, after which it may remand the cause to the board of commissioners, with directions to execute its judgment.

In the case of *Sharp* v. *Malia*, 124 Ind. 407, after a collection of the cases upon the subject under immediate consideration, it was said: "The rule to be deduced from all these cases would seem to be that where the appeal involves a particular matter embraced in one or more issues, it is the duty of the circuit court to try such matter *de novo* and to render a final judgment thereon,

after which the cause may be remanded to the board of commissioners for further proceedings in accordance with such judgment."

This we think is the true rule by which such appeals are governed. Applying it to the case before us, we find that the only matter in issue between the parties before the board of commissioners was the question as to whether the cause should abate by reason of the facts set up in the plea filed by the appellees. This issue was determined by the circuit court, and final judgment rendered thereon. The board of commissioners, as well as the parties to the suit, are precluded by this judgment, and it is no longer a question as to whether the facts set up in this plea are sufficient to abate the action.

Doubtless the circuit court had the right and power to retain jurisdiction of this cause and to hear and determine the whole case, and to execute its orders made therein, but the statute above set out confers a large discretion on the court, and it had the right, we think (after final judgment on the issues between the parties), to remand the cause to the board of commissioners for further proceedings.

We do not think the court erred in refusing to modify the judgment as prayed by the appellants. The board of commissioners had never passed upon the report of the viewers, and for that reason the court could not know that such board would not do its duty when called upon to act. Indeed the presumption is to be entertained that the board will rule according to the requirements of the law upon questions arising upon this report, as all officers are presumed to do their duty until the contrary is made to appear.

It remains to inquire whether the circuit court erred in sustaining a demurrer to the plea in abatement filed by the appellees.

This plea alleges that the proposed ditch described in the report of the viewers is between ten and eleven miles in length, and that all the lands of the petitioners affected by it are situate within less than two miles from its mouth or outlet, leaving about nine miles to be constructed at the cost of persons who are opposed to its construction, and who never joined in the petition for the construction of the proposed ditch; that the said nine miles of the proposed ditch lies along and in the bed of a public ditch heretofore constructed, which, when repaired, will be amply sufficient to drain the lands of the parties filing the plea.

This plea states no legal reason whatever for an abatement of the proceeding. The question as to whether the proposed ditch is more comprehensive, or whether it embraces and affects more land than is necessary in order to accomplish the drainage of the lands of the petitioners in the cheapest and best manner, is a question exclusively for the viewers. Their decision upon that question is not subject to review by the courts. *Anderson* v. *Baker*, 98 Ind. 587; *Meranda* v. *Spurlin*, 100 Ind. 380; *Heick* v. *Voight*, 110 Ind. 279; *Zigler* v. *Menges*, 121 Ind. 99.

Judgment affirmed.

Filed Nov. 27, 1894; petition for rehearing overruled Feb. 5, 1895.