## MILLER v. WABASH RAILROAD COMPANY.

[No. 21,111. Filed October 27, 1908.]

1. APPEAL.—*From Boards of Commissioners.—Bonds.—Failure to Approve.—Drains.*—The filing of an appeal bond in a drainage proceeding on May 1, the judgment being rendered by the board of commissioners on April 9, is in time; and the county auditor's failure to approve such bond cannot justify a dismissal of such appeal. p. 110.

2. SAME.—*From Boards of Commissioners.—Trial.—Drains.*—On appeal to the circuit court from a judgment of the board of commissioners, the circuit court must try the case *de novo*, and must make a final disposition of the case. Such court may then either execute its own judgment or remand the cause to the board with directions to carry the judgment into effect. An order for the board to permit a drainage remonstrant to file his remonstrance is not a final disposition of the case. p. 111.

From Allen Circuit Court; *E. O'Rourke*, Judge.

Drainage proceeding by Sebastian Miller, against which the Wabash Railroad Company remonstrates. From a judgment for the remonstrant, petitioner appeals. *Reversed.*

*Guy Colerick,* for appellant.

*Edwin P. Hammond, William V. Stuart* and *Dan W. Simms,* for appellee.

MONTGOMERY, J.—This proceeding was instituted before the Board of Commissioners of the County of Allen, upon petition of appellant for the construction of a drain. A remonstrance filed by appellee was stricken out, and a final order made establishing the drain. Appellee appealed to the circuit court, in which court appellant filed a motion to dismiss the appeal. This motion was overruled and an exception saved, whereupon the court made the following order: ''This matter is referred back to the Board of Commissioners of the County of Allen, and it is ordered that said board permit the remonstrant to file its remonstrance heretofore filed by said remonstrant and stricken out by said board.'' Appellant excepted to this order and appealed therefrom, and assigns error upon the overruling of his motion to dismiss appellee's appeal to the circuit court and upon the order remanding the proceeding to the board of commissioners with directions.

The record before us is very meager and unsatisfactory, but from it we gather that on May 1, 1906, appellee filed an appeal bond with the auditor of Allen county, which,

1. with the transcript, was filed with the clerk of the circuit court May 31, 1906, but was never formally approved. The final order of the board, from which the appeal was taken, was rendered April 9, 1906. The appeal bond was therefore filed with the auditor within thirty days from the date of the final judgment, and was within the prescribed time. The want of approval will not justify a dismissal of the appeal, if the appellant, when required by the court to which such appeal is taken, file in such court a sufficient bond, with surety to the acceptance of such court. §1354 Burns 1908, §1283 R. S. 1881. No error in overruling appellant's motion to dismiss the appeal to the circuit court is apparent to us from the record.

The circuit court is not a court of review to correct errors of inferior tribunals, but when a cause is brought before it by appeal the same must be tried *de novo,* and 2. proceed to a final determination. *Trittipo* v. *Beaver* (1900), 155 Ind. 652. It is expressly provided in the statute upon which this proceeding was founded that "the court to which such appeal is taken shall have the power to hear and determine such matters as if it originated in such court." §6151 Burns 1908, Acts 1907, pp. 508, 532, §17. It is also provided, with regard to such appeals, that "such court may make a final determination of the proceeding thus appealed,. and cause the same to be executed, or may send the same down to such board, with an order how to proceed, and may require such board to comply with the final determination made by such court in the premises." §6027 Burns 1908, §5778 R. S. 1881. This statute has been under consideration by the Supreme Court in a number of cases, and, while in one or two opinions the holding is not clear, upon an examination of all the cases there can be no doubt that when an appeal is taken from the board of commissioners to the circuit court, the latter court must proceed *de novo* and determine and dispose of the case upon its merits, and not upon a mere question of practice. The discretion lodged in the circuit court is either to execute its final judgment, or to remand the cause with directions to the board for its proper execution. In the case of *McPherson* v. *Leathers* (1867), 29 Ind. 65, this court clearly and correctly stated the proper practice in such cases in the following language: "That court [circuit court] without trying the cause *mero motu* remanded it to the commissioners, with directions to set aside all the proceedings after a certain point and proceed *de novo.* This was erroneous. In such an appeal, the circuit court must try the cause for itself, as an original cause, and it does not take jurisdiction as a court for the. correction of errors. It must make a final determination, and it may then either execute its judgment or

send the cause down to the commissioners, with directions to carry the judgment into effect.'' See, also, *Mandlove* v. *Pavy* (1870), 33 Ind. 505; *Hardy* v. *McKinney* (1886), 107 Ind. 364; *Bonfoy* v. *Goar* (1885), 140 Ind. 292.

It is manifest, therefore, that the court below erred in remanding this cause to the board at an intermediate stage and before a final determination of its merits. The judgment is reversed, with directions to set aside the order remanding the cause, and for further proceedings.