Janice FOSTER, individually and o/b/o all other persons similarly situated, Plaintiff,

v.

CENTER TOWNSHIP OF LaPORTE COUNTY; Helen Salek, individually and in her official capacity as Trustee of Center Township; Board of Commissioners of LaPorte County; Kenneth Swanson, individually and in his official capacity as President of the Board of Commissioners of LaPorte County; Patrick Quinn, Richard Anderson, individually and in their official capacity as Commissioners of LaPorte County, Defendants.

No. S 80–424.

United States District Court,
N. D. Indiana,
South Bend Division.

March 12, 1981.

Louis A. Lessem, South Bend, Ind., for plaintiff.

Martin W. Kus, Donald E. Baugher, Jr., LaPorte, Ind., Center Township of LaPorte, for defendants.

## MEMORANDUM AND ORDER

SHARP, District Judge.

The plaintiff brings this action challenging the defendants' reduction of poor relief standards. The plaintiff argues that the defendants' action violated 7 U.S.C. § 2017(b), which provides:

The value of the allotment provided any eligible household shall not be considered income under any Federal, State or local laws, including but not limited to laws relating to taxation, welfare, and public assistance programs, and no participating State or political subdivision thereof shall decrease any assistance otherwise provided an individual or individuals because of the receipt of an allotment under the program.

Generally, under Indiana's poor relief system, all applicants are given case in an amount which will bring their monthly income up to a guaranteed minimum. Effective January 1, 1981, the defendants made two modifications in poor relief eligibility standards. Apparently because they realized that it violated 7 U.S.C. § 2017(b), the defendants stopped considering the value of food stamps received in determining an applicant's income. At the same time, the defendants reduced the guaranteed minimum income level. (For a family of four, the guaranteed level was reduced by $59.00, from $413.00 to $353.00. The plaintiff falls into this category.) While contending that this does not accurately reflect the value of the food stamps which each applicant will have received (see complaint, paragraph 27), the plaintiff contends that the reason for this reduction was to indirectly take food stamps into consideration in determining eligibility for poor relief. The defendants contend that the reason for this reduction was the restraint of the defendants' budget.

The plaintiff has filed motions for preliminary relief, for certification of a class, and for summary judgment. The defendants have filed a motion for summary judgment.

### I.

Neither party is entitled to summary judgment. There remains a genuine issue as to a material fact: the reason for the reduction in the guaranteed income level.

7 U.S.C. § 2017(b) does not require states to establish or maintain any specific level of poor relief assistance. If, for example, Indiana had initiated a new poor relief program on January 1, 1981, 7 U.S.C. § 2017(b) would not allow a new poor relief applicant to complain in federal court that the guaranteed income level would have been set

higher had Indiana not been aware that poor relief applicants would be receiving food stamps.

■ But, Indiana has already established a poor relief system. And, while 7 U.S.C. § 2017(b) clearly does not prohibit the occasional raising or lowering of the guaranteed income level, it does seem to expressly prohibit the lowering of the guaranteed income level because of the defendants' recognition that the applicants are receiving food stamps. It seems clear that the congressional policy reflected in the adoption of 7 U.S.C. § 2017(b) was to guarantee that food stamps would be available not in substitution for, but in addition to, any welfare payments already provided by states. This Court is not here reviewing the efficiency or wisdom of this policy. This Court only finds that this policy would be thwarted if the defendants were allowed to lower their guaranteed income level in order to indirectly take into account the receipt of food stamps. 7 U.S.C. § 2017(b) prohibits the defendants from lowering their guaranteed income level in order to indirectly take into account the receipt of food stamps.

■ However, 7 U.S.C. § 2017(b) does not prohibit the defendants from lowering the guaranteed income level, if this is done for any other reason. In particular, 7 U.S.C. § 2017(b) does not prohibit the defendants from lowering their guaranteed income level in order to protect their solvency. The decisive factor in determining whether the defendants have violated 7 U.S.C. § 2017(b) is the reason for the reduction in the guaranteed income level. In order for this Court to find that the defendants have violated 7 U.S.C. § 2017(b) this Court must find that the reasons the defendants lowered the guaranteed income level was to indirectly take into account the applicants' receipt of food stamps.

■ There is a factual dispute as to the reason the defendants lowered the guaranteed income level. There is no dispute that the defendants lowered the guaranteed income level. But, the plaintiff argues that this reduction was made in order to indirectly take into account the applicant's receipt of food stamps, while the defendants argue that this reduction was made in order to protect the defendants' solvency. Either position could be inferred from the evidence submitted by the parties in support of their various motions. Accordingly, there is a genuine issue as to a material fact, the reason for the reduction in the guaranteed income level. Summary judgment is inappropriate.

## II.

■ As the record now stands, the plaintiff has failed to show a likelihood of success on the merits, and preliminary relief should be denied. As the record now stands, it seems to favor the defendants position that a consideration of fiscal problems was the reason for the reduction in the guaranteed income level. It is irrelevant that these fiscal problems were brought on because the defendants stopped considering the receipt of food stamps as income. A concern for fiscal responsibility seems to have been the factor motivating the defendants' decision to reduce the guaranteed income level. No preliminary relief should be granted.

## III.

■ A class should be certified. The plaintiff has moved for certification of a Rule 23(b)(2) class consisting of "all otherwise eligible applicants for poor relief in Center Township, LaPorte County, Indiana, who have been since April 1, 1978, or who will be denied such assistance because of the practice and policy of considering their receipt of food stamps as income, whether directly or through the reduction of poor relief income eligibility standards." This class would be far broader than that class whose claim would satisfy Federal Rule of Civil Procedure 23(b)(2). Rule 23(b)(2) class members must include only those as to whom final injunctive relief would be appropriate. Injunctive relief would not be appropriate as to applicants from before January 1, 1981. As to those applicants, the defendants have admitted that they were wrong, and had corrected their error even before this case was filed. But as to those applicants from January 1, 1981 and later,

Rule 23(b)(2) is satisfied. The defendants have acted on grounds generally applicable to this class, so that, should plaintiff prevail on the merits, final injunctive relief would be appropriate. This class would consist of a significant number of persons. All such persons are affected by the action of the defendants which the plaintiff challenges; there is a common question of fact, and the plaintiff's claim is typical. The plaintiff will fairly and adequately protect the interests of the class. All the requirements of a Rule 23(b)(2) class have been met, and an appropriate class should be certified.

### IV.

Both plaintiff's and defendant's motions for summary judgment are denied. The plaintiff's motion for preliminary injunction is denied. A class is certified consisting of all otherwise eligible applicants for poor relief in Center Township, LaPorte County, Indiana, who:

1. have been denied such poor relief since January 1, 1981, and

2. would not have been denied such poor relief if, on January 1, 1981, Center Township

   (a) had not lowered its guaranteed monthly income standards, and

   (b) had stopped considering the receipt of food stamps as income.