Desiree PARRISH, Appellant–
Petitioner,

v.

PIKE TOWNSHIP TRUSTEE'S OF-
FICE OF MARION COUNTY,
Indiana, Appellee–Respondent.

No. 49A02–0004–CV–213.

Court of Appeals of Indiana.

Jan. 18, 2001.

quately addressed in the briefs.

Heather A. Leary, Legal Services Organization of Indiana, Indianapolis, Indiana, Jamie Andree, Legal Services Organization of Indiana, Bloomington, Indiana, Attorneys for Appellant.

Marcia E. Roan, William Bock III, Kroger, Gardis & Regas, L.L.P., Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Desiree Parrish appeals the trial court's order affirming the denials of her applications for assistance by the Pike Township Trustee's Office ("the Trustee").

We affirm.

### ISSUES

1. Whether the Trustee erred in denying Parrish's application for assistance for her October 1999 rent and utility payments.

2. Whether the Trustee erroneously denied Parrish's application for assistance for her November rent.

### FACTS

At various times in the year after September of 1998, Parrish applied for emergency poor relief assistance from the Trustee. However, she had never submitted to the Trustee a clear medical statement indicating that she was unable to work, and the Trustee was aware the Social Security Administration had determined that Parrish was able to work. Consequently, when the Trustee granted Parrish's application for utility assistance in September of 1999, it wrote Parrish on September 17th that in order "to obtain future assistance," Parrish would have to submit medical documentation from Wishard "regarding [her] disability and inability to perform work." (R. 108).

Parrish contacted Wishard, but she was unable to obtain an appointment until October 22nd. In the meantime, on October 5th, Parrish applied for October rent and utility assistance. Two days later, her application was denied[1] because she "ha[d] not provided adequate medical information on her total disability and inability to perform work." (R. 53). Parrish initiated an appeal of the denial, which was set to be heard on November 5th.

Before the hearing on her appeal, Dr. Hilgarth of Wishard Hospital faxed a letter on Friday, October 22nd to the Trustee stating that Parrish had been his patient "since September 1999," had "chronic back pain secondary to a previous motor vehicle accident" and migraines, and "[wa]s unable to work secondary to her chronic pain." (R. 9). When Parrish's caseworker received the letter on Monday, October 25th, she did not find that it established that Parrish was unable to work. Consequently, the caseworker immediately faxed Dr. Hilgarth an "urgent" request to answer eight specific questions about Parrish's condition and complete a "medical verification" questionnaire. (R. 10). Despite follow-up telephone requests by the caseworker, no further information from Dr. Hilgarth was forthcoming.

At the hearing on November 5th, Parrish submitted a statement dated October

---

1. INDIANA CODE § 12–20–6–7 requires the Trustee to "promptly act upon an applica- tion," with seventy-two hours being the maximum time in which to respond thereto.

26th from another doctor, Dr. Steven Segal, saying that Parrish was "unable to work in any capacity," and including a six page "medical source statement" dated October 5th. (R. 13, 14). The Trustee informed the hearing officer that the information from Dr. Segal was "sufficient to establish that Ms. Parrish [wa]s disabled," but that it was "not able to act on this information because [it] did not have" the information in October. (R. 8). The hearing officer upheld the denial of Parrish's application for rent and utility assistance for October of 1999.

Also on November 5th, Parrish applied for her November rent to be paid by the Trustee. When the Trustee inquired of her landlord, it learned that if it paid Parrish's rent for November, the payment would be applied to pay the unpaid October rent. The Trustee denied Parrish's application for payment of her November rent.[2]

Parrish also appealed this denial. At the hearing thereon, the Trustee indicated that the November rent could not be provided until the October arrearage was paid.[3] The Trustee referenced written standards, which provided that it could not pay "[t]hat portion of any rent due and owing which is a part of an arrearage," (R. 40), and Indiana Code § 12–20–6–6.6, which prohibits assistance "for the benefit of an individual during a period that the individual has previously applied for and been denied township poor relief." The hearing officer affirmed the denial of Parrish's application for assistance with rent for November.

Parrish then filed a petition for judicial review of these denials. The trial court heard evidence, issued findings of fact and conclusions of law, and affirmed the denial by the Trustee of Parrish's applications for assistance.

2. Parrish's application on November 5th for utility payment assistance was granted on November 8th.

*DECISION*

Indiana law assigns to the township trustee, "as administrator of poor relief," the responsibility for "oversight and care of all poor individuals in the township." IND.CODE § 12–20–5–2. However, "a poor relief applicant" who is able to work, must do so. Ind.Code § 12–20–10–1. Moreover, the trustee is authorized to "carefully investigate the circumstances of the applicant ... to ascertain" the applicant's "physical condition" and "ability and capacity to perform labor." Ind.Code 12–20–6–9.

■ Judicial review of an administrative determination is limited to determining whether the administration possessed jurisdiction of the subject matter, whether the administration's decision was made pursuant to proper procedures, was based upon substantial evidence, was not arbitrary or capricious, and was not in violation of any constitutional, statutory, or legal principal. *Rynerson v. City of Franklin,* 669 N.E.2d 964, 971 (Ind.1996). Further, the reviewing court may not determine questions of credibility or weigh conflicting evidence. *Id.* An administrative decision that is based upon substantial evidence and does not violate any constitutional, statutory, or legal principal will be affirmed. *Family and Social Servs. Admin. v. Boise,* 667 N.E.2d 753, 754 (Ind.Ct.App.1996), *trans. denied.* An administrative action is arbitrary and capricious only where there is no reasonable basis for the action. *Id.*

1. *Denial of October Rent and Utility Assistance*

■ Parrish first argues that the Trustee erred when it denied her application for October assistance. According to Parrish, she fully cooperated with the Trustee, and it was the Trustee who failed to carry its statutory obligation to investigate her eligibility. She also cites *State ex rel. Van*

3. The Trustee had informed Parrish on November 12th that she was "eligible for November's Rent subject to prior payment of 1999 October's rent." (R. 55).

*Buskirk v. Wayne Township,* 418 N.E.2d 234, 248 (Ind.Ct.App.1981), wherein we stated that it was "unreasonable to permit a forfeiture of needed benefits because an applicant has failed to do something she has no way of knowing is required." However, Parrish was specifically informed that medical documentation of her claimed inability to work was required. According to the agreed statement of her testimony before the court on judicial review, Parrish "saw Dr. Segal and got an additional statement on October 26, 1999, after she saw Dr. Hilgarth." (R. 46). Yet, she did not provide—or even attempt to explain why she did not give or show—this statement to the Trustee until November 5th.

As to Parrish's assertion that the Trustee's inadequacies led to the denial, it was not the Trustee's fault that an appointment for Parrish could not be obtained until October 22nd. Likewise, it was not the Trustee's fault that Dr. Hilgarth's statement was insufficient to establish Parrish's inability to work, or that Dr. Hilgarth failed to respond to further urgent inquiries in that regard. According to the Trustee, if it had had the statement from Dr. Segal in October, it could have provided the assistance to Parrish for October. We do not find it unreasonable for the Trustee to hold Parrish responsible for submitting the information from Dr. Segal in a timely fashion. The trial court's finding, not challenged by Parrish, was that she "could provide no explanation for her failure to forward to the Trustee's office the October 26 statement from Dr. Segal until the hearing on November 5, 1999." (R. 27). The trial court's conclusions of law cited the Trustee's standards, which require applicants for assistance to cooperate in the application process. Accordingly, the Trustee's decision to deny October assistance to Parrish was supported by the evidence, and the trial court did not err in so concluding.

█ Parrish makes a separate argument that the denial of her application must be reversed because she was denied due process by the hearing officer's failure to consider the information from Dr. Segal. According to Parrish, the issue at the hearing "was whether Parrish was unable to work in the month of October ... not whether [she] complied with the instructions of the Trustee." Parrish's Brief at 20. However, as noted by the Trustee, because Parrish argued no such alleged constitutional violation to the trial court,[4] it is waived for review on appeal. *See Rausch v. Reinhold,* 716 N.E.2d 993, 1002 (Ind.Ct.App.1999), *trans. denied.* Waiver notwithstanding, we cannot agree with Parrish's assertion that the issue to be determined at the hearing was whether she was disabled in October. The notice of denial stated that assistance would not be provided because Parrish "ha[d] not provided adequate medical information on her total disability and inability to perform work." (R. 53). Thus, the hearing officer properly considered whether in October the Trustee had received sufficient information to establish that Parrish was disabled.

### 2. *Denial of November Rent Assistance*

█ Parish also claims that the Trustee's denial of her application for November rent was improper. She acknowledges that the Indiana statute does forbid the Trustee from giving "aid that would pay for goods or services provided to or for the benefit of the individual during a period that the individual has previously applied for and been denied township poor relief." I.C. § 12–20–6–6.6. Nevertheless, she contends that the rent assistance she subsequently applied for would have been for the month of November, and the fact that the landlord would take and apply that payment to that which was owing for October should not have been considered by the Trustee as it is "unrelated to Parrish's eligibility for the month of November." Parrish's Brief at 25. However, applying Parrish's argument appears to answer the contention: the resources of the Trustee

---

4. The trial court's order stated, "Petitioner did not identify any specific constitutional provision she claims was violated by either the Trustee or the hearing office...." (R. 34).

would be depleted in order to make a payment based upon Parrish's need in November; yet that same payment would not be applied to meet her need in November. That the Trustee did not apply the statute as argued by Parrish does not render its determination in that regard erroneous.[5] The Trustee's decision was based on the evidence and did not violate any constitutional, statutory, or legal principal. *See Rynerson*, 669 N.E.2d at 971. Accordingly, the trial court did not err in affirming it.

We affirm.[6]

FRIEDLANDER and KIRSCH, JJ., concur.

---

5. Parrish's attempt to argue in her reply brief that the denial was not required by the Trustee's standard is unavailing, as it was not presented in her original appellate brief. *See Sleweon v. Burke, Murphy, Constanza & Cuppy*, 712 N.E.2d 517, 521 (Ind.Ct.App.1999), *trans. denied*.

6. In her reply brief, Parrish argues extensively that the Trustee "could not lawfully require Parrish to prove that she was totally disabled or unable to work in order to establish eligibility for poor relief." Parrish's Reply at 1. Not only was this issue not argued in her appellate brief, but therein she implicitly acknowledged that it was required to be shown that she was disabled in order to receive assistance. *See*, e.g., Parrish's Brief at 14 (Trustee's burden "to verify the applicant's inability to work"), 15 (evidence "to establish Parrish's inability to work"), and 17 (Trustee must "verify a person's inability to work."). Accordingly, this issue is not considered. *See Sleweon*, 712 N.E.2d at 521.