**OFFICE OF the TRUSTEE OF WAYNE TOWNSHIP, Appellant–Respondent,**

v.

**Deborah BROOKS, Appellee–Petitioner.**

No. 49A05–1005–PL–341.

Court of Appeals of Indiana.

Dec. 17, 2010.

Stephen R. Buschmann, Thrasher Buschmann & Voelkel, P.C., Indianapolis, IN, Attorney for Appellant.

Fran Quigley, Kassandra Green, Indiana Legal Services, Inc., Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

The Wayne Township Trustee appeals a preliminary injunction directing it to continue providing poor relief to Deborah Brooks. As the trial court applied the correct standard of review and the evidence supports its decision, we affirm.

## FACTS AND PROCEDURAL HISTORY

Brooks filed on December 3, 2009, for assistance from the Wayne Township Trustee, and her request was granted. Because Brooks was able-bodied, the Township Assistance Eligibility Standards required she seek employment in order to continue receiving assistance. On February 11, 2010, the Trustee denied further assistance on the ground Brooks did not put sufficient effort into seeking employment. Specifically, Brooks "only performed nine (9) work searches during the week of February 4–11, not the ten (10) required by the [Trustee's] Guidelines." (Appellant's Br. at 8.) One of the employers she visited that week "believed that Brooks was not seeking employment, but was instead just interested in getting the Trustee's work search form completed." (*Id.*) Another reported she did not complete an application for employment.[1]

Brooks appealed to the Marion County Commissioners, who upheld the Trustee's decision. She then appealed to the trial court, which issued a preliminary injunction directing the Trustee to continue providing poor relief.

## DISCUSSION AND DECISION

■ The Trustee argues the trial court erred because it did not apply the correct standard of review to the Trustee's deci-

---

1. The Trustee does not acknowledge in its Statement of Facts that Brooks did in fact submit an application to the first employer. The trial court explicitly noted that it found more probative the "objective evidence" that Brooks "presented herself at the establishment [and] filled out an application form." (App. at 8.) It explicitly found "of little probative value" the "subjective" testimony of the first employer that Brooks "appeared to be going through the motions in making an application." (*Id.*)

Nor does the Trustee acknowledge Brooks' testimony that she submitted an application to the second prospective employer, or evidence the paperwork from that employer shows the answers "yes" and "no" were then marked in response to the question "Was an application made?" (*Id.* at 58.)

sion denying poor relief. The Trustee argues the trial court should have reviewed the decision for abuse of discretion; Brooks argues the court properly reviewed the matter *de novo*. Brooks is correct.

In its order, the trial court noted the parties agreed a trial court's review of actions by a County Board of Commissioners is *de novo*, but the Trustee nevertheless argued the trial court should review a Trustee's actions only for an abuse of discretion. The court rejected the Trustee's argument, finding it "anomalous for the Court to review de novo [a] decision of a five person board acting on a recommendation of a hearing officer, but defer to the findings of an individual Trustee." (App. at 8.)

In *State ex rel. Van Buskirk*, 418 N.E.2d 234 (Ind.Ct.App.1981), we addressed review of township trustee decisions. That procedure

> provides for appeal to the board of county commissioners in the county in which the township is located, IC 12–2–1–18. The board of commissioner's [sic] poor relief decision is then appealable to the county circuit court, IC 17–1–14–24 to 30. The statute provides that the appeal shall be heard as an original cause, IC 17–1–14–29. *As an original cause, the factual findings of the board are not given the weight or accorded the presumption of validity which is usually given administrative factual findings.*

*Id.* at 239–40 (emphasis supplied).

Our Indiana Supreme Court has so held in similar contexts for well over a century. *See, e.g., McPherson v. Leathers*, 29 Ind. 65 (1867). Leathers, a remonstrant against a petition for the establishment of a highway, appealed the county commissioners' decision to the county court. That court remanded it to the commissioners with directions to set aside all the proceedings after a certain point and decide the issue *de novo*. Our Supreme Court said:

> This was erroneous. In such an appeal, *the Circuit Court must try the cause for itself as an original cause, and it does not take jurisdiction as a court for the correction of errors.* It must make a final determination, and it may then either execute its judgment or send the cause down to the commissioners, with directions to carry the judgment into effect.

*Id.* at 65 (emphasis supplied). In *Miller v. Wabash R. Co.*, 171 Ind. 109, 85 N.E. 967, 968–69 (1908), our Supreme Court acknowledged that holding and said:

> upon an examination of all the cases there can be no doubt that, when an appeal is taken from the board of commissioners to the circuit court, the latter court must proceed *de novo* and determine and dispose of the case upon its merits, and not upon a mere question of practice. The discretion lodged in the circuit court is either to execute its final judgment or to remand the cause with directions to the board for its proper execution.

In *Pastrick v. Geneva Township of Jennings County*, 474 N.E.2d 1018, 1021 (Ind. Ct.App.1985), this court acknowledged the *Van Buskirk* statement that a trial court hears an appeal from a denial of poor relief as an "original cause,"[2] and added "[i]t has been uniformly held that the circuit court

---

**2.** The *Pastrick* court cited Ind.Code § 36–2–2–29, which provides "[a]n appeal under section 27 of this chapter [permitting appeal to the circuit court when a party is aggrieved by a decision of the executive] shall be docketed among the other causes pending in the circuit

court and shall be tried as an original cause." (Emphasis supplied.) The Board of Commissioners is "the executive" for purposes of that chapter. Ind.Code § 36–2–2–2. There does not appear to be a legislative definition of "original cause," but it is apparent from case

does not sit as a court of errors, but must try the case for itself and render a final judgment. *Bonfoy v. Goar,* (1894) 140 Ind. 292, 39 N.E. 56."

In light of this long line of precedent, we cannot follow the general standard for judicial review of administrative agency decisions suggested by the Trustee:

Judicial review of an administrative determination is limited to determining whether the administration possessed jurisdiction of the subject matter, whether the administration's decision was made pursuant to proper procedures, was based upon substantial evidence, was not arbitrary or capricious, and was not in violation of any constitutional, statutory, or legal principal [sic]. Further, the reviewing court may not determine questions of credibility or weigh conflicting evidence. *Id.* An administrative decision that is based upon substantial evidence and does not violate any constitutional, statutory, or legal principal [sic] will be affirmed. An administrative action is arbitrary and capricious only where there is no reasonable basis for the action.

*Parrish v. Pike Township Trustee's Office of Marion County,* 742 N.E.2d 515, 517 (Ind.Ct.App.2001) (citations omitted).[3] In trying this case as an "original cause," Ind.Code § 36–2–2–29, the trial court applied the correct standard of review.

■ Because the trial court was obliged to "try the case for itself and render a final judgment," *Pastrick,* 474 N.E.2d at 1021, we next address whether there was sufficient evidence to support its decision. We will affirm if there is sufficient evidence of probative value to support the decision, viewing the evidence most favorable to the judgment and the reasonable inferences drawn therefrom. *AmRhein v. Eden,* 779 N.E.2d 1197, 1206 (Ind.Ct.App.2002).

The trial court heard evidence Brooks submitted dozens of applications for employment and she was sincerely seeking work. The denial of her poor relief was premised in part on the allegation Brooks performed only nine work searches during the week of February 4–11, not the ten required by the Trustee's guidelines. But the court heard evidence the Trustee gave Brooks two weekly forms to complete even though it was not normal policy to give an applicant multiple forms. Brooks completed and returned them. The forms reflected she contacted twenty employers during the two weeks. The court also heard evidence Brooks did not intend to mislead the Trustee about which week the work searches were completed, and Brooks in fact did submit an application to a prospective employer to whom the Trustee believed she had not applied. There was ample evidence to permit the trial court to determine Brooks was entitled to a preliminary injunction directing the Trustee to continue her poor relief benefits.

Because the trial court applied the proper standard of review and the evidence is sufficient to support the decision in favor of Brooks, we affirm the trial court.

Affirmed.

ROBB, J., and VAIDIK, J., concur.

law that such an action is the functional equivalent of *de novo* review.

3. In *Parrish,* a panel of this court stated that general standard for judicial review of administrative agency decisions in an appeal of the denial by a Trustee of poor relief. As explained above, we must decline to follow *Parrish* to the extent it would apply the general administrative law standard to an appeal our legislature has provided "shall be tried as an original cause." Ind.Code § 36–2–2–29.